87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark R. NAGELE, Plaintiff-Appellant,
v.
Chaplain FOXWORTHY, Head of the Department of Religion,
Senior Chaplain; Walt Walton; Joseph Martinez, Warden of
the South Unit; Samuel Lewis, Director of the Department of
Corrections; State of Arizona, Real Party in Interest;
J.C. Keeney; Ted Jolly, Head of Medical Department; Jim
Garrison, Head of Discipline Department; John Kohle, Head
of Classification Department; Stuart M. Miles, Asst. Deputy
Warden S.U.; Major Gallagher, Head of Security S.U. (now at
CB-8); Capt. Worden; Capt. Maudlin; Capt. Lennox; Lt.
Goldsmith; Capt. Schiavomx; Sgt. Ramsey; April Robinson,
CPO; CSO Van Blaricom; Warden Goldsmith, Central Unit;
Deputy Warden Avenenti; Deputy Warden Salazar (Assistant);
Major Terry, Head of Security; Captain Groves, C.U.
Chairman Discipline; Capt. Coonts; Lt. Cluff; Sgt.
Michienzi, C.U. Coordinator Discipline; Sgt. Woods, C.U.
Movement Officer; Sgt. Kloos; Sgt. Warren; Sgt. Miller;
Sgt. Nielson; Sgt. Biegenweald, Property Room Officer; CSO
Garcia; CSO Kron; CSO Brady; Mr. Flanagan, Counselor;
Warden Upchurch, Special Management Unit; Lt. Young, CB-8;
Sgt. Sherman, CB-8; Sgt. White, CB-8; CSO Byrd; CSO
Gutierrez, CB-8; CSO Vitolo, CB-8; D. Zell-Terry; Guy
Price, Asst. Attorney General, Defendants-Appellees.
 No. 95-15386.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark R. Nagele, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendants on his claim that the Arizona Department of Corrections' ("ADOC") former policy regarding hair length and current policy prohibiting the growing of beards violate his right to free exercise of religion. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.
 
 Claim Based On No Beard Policy
 
 3
 Nagele argues that the district court erred by granting summary judgment on his claim that defendants' policy prohibiting prisoners from growing beards violated his right to freely exercise his religious beliefs.[1] This argument has merit.
 
 
 4
 The grooming policy adopted by the ADOC in 1988 prohibits full or partial beards, and does not provide for religious exemptions. Nagele presented evidence that his religious beliefs prohibit the shaving of facial hair. The district court granted summary judgment to defendants on the basis of Friedman v. Arizona, 912 F.2d 328 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991), which held that the same ADOC grooming policy did not impermissibly restrict Orthodox Jewish prisoners' right to freely exercise their religion. Friedman applied the balancing test of Turner v. Safely, 482 U.S. 78 (1987), in which a prison policy that infringes on a prisoner's constitutional rights is upheld if it is reasonably related to a legitimate penological interest.
 
 
 5
 After the district court granted defendants' motion for summary judgment, Congress enacted the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb(b)(1) (1993). Under RFRA, "the issue of whether the prison violated [Nagele's] religious rights must be analyzed using the 'substantial burden' test rather than the less stringent 'reasonable opportunity' test previously employed." Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir.1995). Because RFRA contains a retroactivity clause, see Malik, 71 F.3d at 729, n. 4, Nagele's claim for injunctive relief should have been decided under RFRA standards.
 
 
 6
 Accordingly, we reverse the district court's grant of summary judgment on Nagele's claim challenging ADOC's no beard policy, and remand this case so the district court may consider the effect of RFRA on Nagele's claim.
 
 
 7
 Claim Based On Former Policy Regarding Long Hair
 
 
 8
 Nagele also argues that the district court erred by granting summary judgment on his claim that defendants violated his right to free exercise of religion by disciplining him for not conforming to a prison policy regarding hair length. This argument lacks merit.
 
 
 9
 When Nagele brought this action in 1987, the ADOC had a policy prohibiting long hair.[2] Under an exemption to this prohibition, adherents of the Sikh religion could grow their hair long if they tied it in a bun and covered it with a turban. Nagele alleged in his complaint that although he was a Sikh, he did not believe in wearing a turban, and therefore defendants violated his right to free exercise of religion by disciplining him for wearing his hair long without a turban. Although Nagele claimed to be a member of the Keshadari Sikh faction, he failed to provide any evidence that this religion prohibited wearing turbans. Accordingly, even if Nagele's damage claims were analyzed under RFRA's more stringent "substantial burden" test, summary judgment was properly granted. See Bryant, 46 F.3d at 949.
 
 
 10
 Each party shall bear its own costs on appeal.
 
 
 11
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject defendants' argument that Nagele failed to properly raise this issue before the district court. Nagele stated this claim in his September 4, 1992 amended complaint. Furthermore, the district court's orders of June 3, 1992, May 28, 1993, and June 28, 1994 state that Nagele challenged the ADOC's beard policy
 
 
 [2]
 Because the ADOC modified their grooming policy in 1988 to allow all prisoners to wear long hair, Nagele's claim for injunctive relief became moot. Nagele's claim for damages based upon alleged past violations, however, was not affected by the change of policy